UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JALAAN ALEXZANDER MAJORS,

        Plaintiff,

        v.                                  Case No. 20-C-1127

CO SHILLENSBURG,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Jalaan Majors, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a previous order, the court dismissed Plaintiff's complaint for failing to state a claim upon which relief can be granted and directed Plaintiff to file an amended complaint curing the defects in the original. On August 14, 2020, Plaintiff filed an amended complaint. The court will screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

### Screening of the Complaint

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### THE COURT'S ANALYSIS

Plaintiff alleges that, on July 10, 2018, Defendant purposefully gave his legal mail to another inmate, who passed the mail to others after the first inmate opened it up.  Plaintiff claims he got into multiple altercations with other inmates, so he was put on "PC" and could not get an

2

Case 1:20-cv-01127-WCG   Filed 08/20/20   Page 2 of 4   Document 11

appropriate education.  Plaintiff alleges Defendant's conduct put Plaintiff and his family at risk.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Plaintiff claims Defendant purposefully gave his legal mail to another inmate.  Prisoners have a right to be free from certain interferences with their legal mail.  *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).  But "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation.  Rather, the inmate must show that prison officials regularly and unjustifiably interfered with the incoming legal mail." *Perez v. Cass Cty. Jail*, No. 3:05-CV-294, 2005 WL 1215563, at *1 (N.D. Ind. May 19, 2005) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations and quotation marks omitted).  This isolated incident does not state a claim against Defendant.  In addition, Plaintiff's complaint does not contain allegations from which the court can infer a causal connection between Defendant giving Plaintiff's mail to another inmate and Plaintiff getting into multiple altercations with other inmates.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims.  *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).  The court will not grant Plaintiff another opportunity to amend his complaint, given Plaintiff's failure to address the deficiencies noted in the court's August 11, 2020 Screening Order.  "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to

3

the defendants, or where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The court finds that allowing Plaintiff another opportunity to amend his complaint would be futile. Therefore, this action is dismissed for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 20th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.